STATE OF NORTH CAROLINA v. THEODORE PRESTON VERBAL

No. 6919SC321

(Filed 23 July 1969)

**Criminal Law § 155.5— failure to docket record on appeal on time**
    Where defendant was given the maximum time within which to docket
    his record on appeal, and the record on appeal was not docketed until
    almost three months beyond the maximum time allowed by Rule 5, the
    Court of Appeals dismissed the appeal *ex mero motu.* Court of Appeals
    Rule No. 5.

APPEAL by defendant from *Exum, J.,* 9 September 1968 Regular
Criminal Session of Superior Court of ROWAN.

Defendant was charged under a valid bill of indictment with il-
legal possession of amphetamine drugs for the purpose of sale. De-
fendant was represented by privately retained counsel and entered a
plea of not guilty. At the close of the State's evidence, he withdrew
his plea of not guilty and tendered a plea of nolo contendere which
was accepted by the State. Judgment was entered on 17 September
1968 imposing a prison term on defendant. On 26 September 1968,
defendant, in open court, gave notice of appeal. The court was noti-
fied that defendant was being represented on appeal by different
privately retained counsel and additional time was allowed for serv-
ing case on appeal. Time for docketing the record on appeal was
extended to 17 February 1969. The record on appeal was not dock-
eted, however until 5 May 1969.

*Attorney General Robert Morgan by Staff Attorney Richard N.
League for the State.*

*Pearson, Malone, Johnson & DeJarmon by W. G. Pearson, II,
and C. C. Malone, Jr., for defendant appellant.*

MORRIS, J.

The record discloses that defendant was given by the trial tri-
bunal the maximum time within which to docket his record on ap-
peal. The record on appeal was not docketed until 5 May 1969, al-
most three months beyond the maximum time allowed by our rules.
Rule 5, Rules of Practice in the Court of Appeals of North Carolina.

For failure to docket the record on appeal within the time or-
dered by the court, which was the maximum time allowed by our
rules, the appeal is dismissed *ex mero motu.*

Dismissed.

CAMPBELL and BROCK, JJ., concur.